UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MILO KROLL, <br><br> Plaintiff, <br> v. <br><br> STATE FARM FIRE & CASUALTY COMPANY, <br><br> Defendant. | CASE NO. 2:25-cv-01550-LK <br><br> ORDER TO SHOW CAUSE |

  This matter comes before the Court sua sponte. Because Defendant State Farm has not shown that the amount in controversy is met in this removed case, the Court orders it to show cause why this case should not be remanded for lack of subject matter jurisdiction.

  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (citation modified). "If at any time before final

ORDER TO SHOW CAUSE - 1

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). Federal jurisdiction exists over all civil actions where the matter in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* Doubts as to removability are thus resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

The record fails to demonstrate that the $75,000 threshold is satisfied. In his complaint, Plaintiff Milo Kroll avers that he suffered an unspecified amount in damages after State Farm allegedly failed to conduct a reasonable investigation of his claim relating to a March 2023 house fire, delayed and denied payment of benefits to Mr. Kroll, and failed to timely respond to his communications. Dkt. No. 1-4 at 3–4, 8; *see also* Dkt. No. 11 at 4, 9 (amended complaint). Mr. Kroll advances claims for negligence, breach of contract, violations of the Washington Consumer Protection Act ("CPA"), and bad faith. Dkt. No. 1-4 at 4–8. State Farm reasons that the amount in controversy requirement has been met because (1) Mr. Kroll's notice letter pursuant to Washington's Insurance Fair Conduct Act alleges $42,328.10 in contractual damages, (2) Mr. Kroll seeks treble damages of $25,000 under the CPA, and (3) attorney's fees are authorized by the CPA and should be included in the amount in controversy calculation. Dkt. No. 1 at 3–4.

State Farm has not demonstrated that the amount in controversy has been met. Having enunciated a basis for $67,328.10 in damages, it appears to speculate that Mr. Kroll will incur $8,000 in attorney's fees, noting that a plaintiff in one case that went to trial incurred $380,000 in fees. Dkt. No. 1 at 4. But it is highly unlikely that this case will reach trial. "[D]istrict courts are well equipped . . . to determine when a fee estimate is too speculative because of the likelihood of a prompt settlement." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 795 (9th Cir. 2018). In this district, over 99 percent of civil cases do not reach trial. United States Courts, Civil Cases Terminated, by District and Action Taken, During the 12-Month Period Ending September 30, 2024, at 4 https://www.uscourts.gov/sites/default/files/2025-01/jb_c4a_0930.2024.pdf. State Farm does not supply an estimate of attorney's fees or a basis for such estimate.[1]

Accordingly, within 14 days of the date of this Order, State Farm is ORDERED to SHOW CAUSE why this case should not be remanded to state court for lack of subject matter jurisdiction. Failure to do so will result in dismissal. *See* Fed. R. Civ. P. 12(h)(3).

Dated this 15th day of October, 2025.

Lauren King
United States District Judge

---

[1] The Court notes that Mr. Kroll's amended complaint alleges that this Court has jurisdiction over this case, but makes no effort to establish either diversity or amount in controversy. *See generally* Dkt. No. 11.

ORDER TO SHOW CAUSE - 3